125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronnie Lee WILLIAMSON, Plaintiff-Appellant,
v.
J.B. WILLIAMS, Corr. Lt.; B. McGee; P. Millspaugh;
Vansant, Defendants-Appellees.
 No. 97-15290.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-93-03549-SBA; Saundra B. Armstrong, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronnie Lee Williamson, a California state prisoner, appeals pro se the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging that California prison officials improperly classified him as a gang member and confined him to administrative segregation. We conclude that Williamson's claims for injunctive and declaratory relief are moot, and we affirm.
 
 
 3
 This court reviews a district court's determination that a case is moot de novo. See Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985). A case becomes moot when "the issues are no longer live or the parties lack a legally cognizable interest in the outcome," unless the injury "capable of repetition, yet evading review." Id. at 1339 (quoting Southern Pac, Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911).
 
 
 4
 Williamson's claims for injunctive and declaratory relief have been rendered moot by his December 29, 1995 transfer to another facility, and the deletion of his alleged gang affiliation from his Pelican Bay State Prison records. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995). However, Williamson contends that he made claims for monetary relief as well. The record reveals these claims were not made in his complaint, nor had Williamson made any attempt to submit an amended complaint. Consequently Williamson's claims for monetary damages were not properly before the district court.
 
 
 5
 Moreover, because Williamson did not demonstrate that his alleged injuries are capable of repetition, yet evading review, he failed to show that his claims fall within an exception to the mootness doctrine. See Sample, 771 F.2d at 1340.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of the disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)